PER CURIAM.
This is an appeal from a final judgment granting specific performance and damages to appellees for breach of contract in an action arising out of appellant’s failure to pay rent in accordance with the terms of a lease and his refusal to reassign and retransfer the alcoholic beverage license from the State of Florida, which appellant was to hold in trust during the pendency of the lease on the bar premises to be used as a cocktail lounge, as provided for in a trust agreement entered into by the parties.
In essence the appellant’s defenses to the action at trial were that the trust agreement was for the purpose of circumventing the laws of Florida and that the trust agreement was against public policy, therefore, void and of no effect. On the issue of damages appellant’s defense was that the appellees had failed to mitigate their damages.
The issues were tried non- jury by the Circuit Court of Monroe County and resulted in the findings and judgment in favor of the appellees.
*490 Appellant contends that he was entitled to prevail on these defenses. We cannot agree.
The points relied upon by the appellant for reversal have been carefully considered in the light of the record, briefs and arguments of counsel, and we find no reversible error has been shown. City of Miami Beach v. Fein, Fla.App.1972, 263 So.2d 258; Heredia v. Industrial Supplies, Inc., of Florida, Fla.App.1972, 265 So.2d 709; Mesick v. Loeser, Fla.App.1975, 311 So.2d 132; Peacock v. Carver, Fla.App.1975, 315 So.2d 214. The record discloses the case was fully and fairly tried; that the judgment is supported by the evidence and that the several rulings of the trial court challenged by appellant, did not, on the record and under the law, constitute harmful error.
Affirmed.